**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4187**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMIE TASHAWN WILLIAMSON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-02-757)

———————

Submitted:  December 8, 2005        Decided:  December 21, 2005

———————

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Ray Coit Yarborough, Jr., Florence, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Rose Mary Parham, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jamie Tashawn Williamson appeals his sentence in the District of South Carolina on his conviction for being a felon in possession of a firearm. By this appeal, Williamson makes two contentions: (1) that his sentence was imposed in contravention of the Sixth Amendment; and (2) that the sentencing court erroneously cross-referenced the attempted murder provision of the United States Sentencing Guidelines (the "Guidelines") in calculating Williamson's sentence. As explained below, we vacate Williamson's sentence because it was imposed in violation of the Sixth Amendment, and we do not address his Guidelines calculation claim.

I.

On July 23, 2002, the grand jury charged Williamson with being a felon in possession of a firearm, in contravention of 18 U.S.C. § 922(g)(1). Williamson had pleaded guilty pursuant to a plea agreement, and his presentence report ("PSR") assigned him a base offense level of 14 and placed him in criminal history category V. The PSR recommended an enhancement because the firearm at issue was stolen, an enhancement for using the firearm in connection with another felony offense, and a reduction for acceptance of responsibility. Williamson accepted the PSR's recommendation but the Government objected, asserting that the court should cross-reference § 2A2.1(a)(1) of the Guidelines because Williamson used

2

the firearm in an attempted murder. After hearing testimony from the alleged victim, the court agreed with the Government and cross-referenced § 2A2.1(a)(1) in calculating Williamson's sentence. It therefore assigned Williamson an offense level of 28, which it then reduced to 25 for acceptance of responsibility. Combining offense level 25 with criminal history category V yielded a sentencing range of 100 to 125 months, and the court sentenced Williamson to 100 months in prison.

Williamson has timely noted his appeal and we possess jurisdiction pursuant to 28 U.S.C. § 1291.


II.

Williamson asserts on appeal that his sentence was imposed in contravention of the Sixth Amendment because it is supported by judicially found facts.[1] Because Williamson failed to object at

---

[1]The Government contends on appeal that Williamson waived his Sixth Amendment claim in his plea agreement by stating his "understand[ing]" that he would be sentenced in conformity with the Guidelines. See Appellee's Br. at 7. We disagree with the Government's contention. Although we have recognized that a defendant's explicit waiver of the right to appeal a sentence imposed within the statutory maximum constitutes a waiver of his Sixth Amendment sentencing claims, see United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005), we have never held that an "understanding" that a sentence would be imposed in a particular manner constitutes a waiver of appeal rights. We observe that the Second Circuit has recently rejected a similar contention. See United States v. Hamdi, ___ F.3d ___, No. 03-1307-CR, 2005 WL 3366948, *5-*7 (2d Cir. Dec. 12, 2005) (concluding that defendant's "agree[ment]" to be sentenced under the Guidelines did not waive right to appeal sentence).

sentencing on Sixth Amendment grounds, however, our review of his claim is for plain error only. See United States v. Ebersole, 411 F.3d 517, 534 (4th Cir. 2005).

In United States v. Booker, the Supreme Court concluded that the Sixth Amendment prohibits judicial factfinding under a mandatory guidelines regime that results in a sentence greater than the maximum justified solely by the facts found by a jury beyond a reasonable doubt or admitted by the defendant. See 125 S. Ct. 738, 750 (2005); see also United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005) ("[A] sentence exceeding the maximum allowed based solely on the facts found by the jury [or admitted by the defendant] violates the Sixth Amendment."). In light of the Booker mandate, Williamson's sentence contravened the Sixth Amendment. By his plea agreement, Williamson admitted only to being a felon in possession of a firearm. That admission alone supports a base offense level of 14, which combined with criminal history category V yields a sentencing range of 33 to 41 months. See U.S.S.G. § 2K2.1(a)(6) (2002). Based on its finding that Williamson used the firearm in an attempted murder, the sentencing court cross-referenced § 2A2.1(a)(1) and sentenced Williamson to 100 months. Because Williamson's sentence exceeded that which the admitted facts would have supported, it was imposed in contravention of the Sixth Amendment. And such a Sixth Amendment error constitutes reversible plain error. See Hughes, 401 F.3d at 547 (concluding

4

that sentence imposed in contravention of defendant's Sixth Amendment right to jury trial is plainly erroneous and warrants relief).

## III.

Pursuant to the foregoing, we vacate Williamson's sentence and remand for such resentencing proceedings as may be appropriate.[2]

VACATED AND REMANDED

---

[2]Because we vacate Williamson's sentence on Sixth Amendment grounds, we do not reach his contention that the sentencing court erred in applying the § 2A2.1(a)(1) cross-reference. See Hughes, 401 F.3d at 556 n.15 (observing that we need not address Guidelines calculations claims in every case involving error under Booker).

5